UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EUGENE DEVBROW,            )
    Plaintiff,            )
                           )
v.                         )     No. 3:10 CV 146
                           )
STEVEN GALLEGOS, *et al.*, )
    Defendants.            )

## OPINION and ORDER

Pursuant to court order, Eugene Devbrow, a *pro se* prisoner, has filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Devbrow brings claims pursuant to 28 U.S.C. § 1983. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Devbrow alleges that the defendants took his legal papers on December 14, 2009 and destroyed them. The Fourteenth Amendment provides that state officials may not deprive a person of his property without due process of law. Though a state tort claims

act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); and *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001), the theft of legal materials is not merely a property loss if the papers are irreplaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Though it is not entirely clear what materials Devbrow lost, he alleges that they were irreplaceable legal papers that were needed by his attorneys to respond to a motion for summary judgment in *Devbrow v. Carroll*, 1:07-cv-1355 (S.D. Ind. filed October 17, 2007).

In addition, he alleges that his papers were destroyed out of retaliation. To prevail on a First Amendment retaliation claim, a prisoner must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Here, Devbrow alleges that "a lawsuit from an incident that occurred on March 4, 2009, and filed on November 19, 2009, was the reason Defendants confiscated and destroyed papers taken on December 14, 2009." (DE # 16 at 6.) Though it is unclear what incident was the basis for that lawsuit or in what court it was filed, lawsuits are protected activities under the First Amendment.

For the foregoing reasons, the court:

(1) **GRANTS** Eugene Devbrow leave to proceed against Steven Gallegos and Jason Smiley in their individual capacities for monetary and punitive damages for destroying his irreplaceable legal papers on December 14, 2009, that were needed by his attorneys to respond to a motion for summary judgment in *Devbrow v. Carroll*, 1:07-cv-1355 (S.D. Ind. filed October 17, 2007);

(2) **GRANTS** Eugene Devbrow leave to proceed against Steven Gallegos and Jason Smiley in their individual capacities for monetary and punitive damages for retaliating against him by destroying his legal papers on December 14, 2009, because he had filed a lawsuit on November 19, 2009, based on events which had occurred on March 4, 2009;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk to transmit the summons and USM-285's for Steven Gallegos and Jason Smiley to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Steven Gallegos and Jason Smiley; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Steven Gallegos and Jason Smiley respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the two claims for which the plaintiff been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: February 23, 2011

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT