UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| EUGENE DEVBROW, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10 CV 146 |
| | ) | |
| STEVEN GALLEGOS, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Some summary judgment motions are complicated and others are not. This one is not. Eugene Devbrow, a *pro se* prisoner, was granted leave to proceed in this case on two claims: that Steven Gallegos and Jason Smiley destroyed his irreplaceable legal papers on December 14, 2009, and that they did so out of retaliation for his having filed a lawsuit the prior month. The defendants have moved for summary judgment asserting that Devbrow did not exhaust his administrative remedies prior to filing this lawsuit as required by 42 U.S.C. 1997e(a). Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler.*, 438 F.3d 804, 809 (7th Cir. 2006). Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Neither party disputes that the prison has a grievance system nor is there any disagreement as to the procedure for filing, processing, and appealing grievances. Neither is there a dispute that Devbrow initiated a grievance about the events presented in this case. DE # 36-1 at 3. Both parties agree that the grievance was rejected and there

is no disagreement about why it was rejected. Though the defendants note that the copies of the grievance and the rejection submitted by Devbrow are not certified, they do not dispute their accuracy and the Supplemental Declaration of Tim Bean authenticates them. DE # 38-1.

When the grievance was rejected, Executive Assistant T. Bean indicated on the form that "The grievance is a request for reimbursement or replacement of personal property that has been lost, damaged, or destroyed. This claim is handled through the Tort Claim process, Policy 00-01-104. See the Law Library." *Id.* at 4. Though Devbrow's concerns extend beyond merely the return of his property, the defendants do not argue that this was an incorrect disposition of his grievance nor do they attempt to explain why that would matter even if it was.

Rather, the defendants argue that because Devbrow did not appeal the rejection of his grievance, he did not comply with the requirements of 28 U.S.C. § 1997e(a). However, the response Devbrow received demonstrates that to the extent that the prisoner grievance process was available to him, he exhausted it. He filed a formal grievance, but the prison did not even assign it a grievance number. Without a grievance number, it is not realistic to speak of appealing. The grievance was not denied, it was rejected. "[W]hen prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality. " *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The defendants also argue that because Devbrow did not file a Notice of Tort Claim (as he was instructed to do when his grievance was rejected), he did not comply with the requirements of 28 U.S.C. § 1997e(a). They do not cite to any authority that compliance with the State Tort Claims Act is required by § 1997e(a), and the court has not found any such authority. Rather, "[o]nce a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases." *Thornton v. Snyder*, 428 F.3d 690, 695-696 (7th Cir. 2005) *quoting Ross v. County of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004). Here, though Devbrow had obtained nothing because his grievance was rejected, he had clearly obtained all the relief that was available and exhausted the prison's grievance system. Because 28 U.S.C. § 1997e(a) does not require that he also file an additional grievance outside of the prison system in the form of a Notice of Tort Claim, this motion for summary judgment must be denied.

For the foregoing reasons, the court:

(1) **DENIES** the defendants' motion for summary judgment (DE # 32); and

(2) **LIFTS** the stay on discovery.

**SO ORDERED.**

Date: October 4, 2011

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT