UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| EUGENE DEVBROW, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:10 CV 146 |
| STEPHAN GALLEGOS, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Eugene Devbrow, a prisoner confined at the Westville Correctional Facility ("WCF"), filed a *pro se* complaint and amended complaint pursuant to 42 U.S.C. § 1983, alleging that Correctional Captain Steven Gallegos and Correctional Lieutenant Jason Smiley violated his federally protected rights. The court screened his amended complaint pursuant to 28 U.S.C. § 1915A, granted him leave to proceed against the defendants for destroying irreplaceable documents he says were needed by his attorney to respond to a motion for summary judgment in a civil action in the Southern District, and for retaliating against him because he had filed a lawsuit against WCF officials. (DE # 18.) The Defendants filed a motion for summary judgment pursuant to FED. R. CIV. P. 56, which this court granted on December 28, 2012 (DE # 61). Plaintiff has now submitted a motion to reconsider, pursuant to Fed. R. Civ. P. 59(e), and defendants have responded.

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b)

relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (Citations omitted).

In his motion to reconsider, Devbrow argues that the court should not have struck exhibit C attached to his response to defendants' motion for summary judgment; that the court erred in accepting defendants' sworn statements that they were not involved in the destruction of his property, assuming that any of his property was destroyed; and that this court erred in concluding that there was insufficient evidence to support his claim of retaliation. In order to prevail on his motion to reconsider, Devbrow must clearly establish that there has been a manifest error of law or fact.

*PLAINTIFF'S CLAIM THAT EXHIBIT C ATTACHED TO HIS RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD NOT HAVE BEEN STRUCK*

The court granted defendants' request to strike plaintiff's Exhibit C, a purported e-mail to law library supervisor Maria Cater. Plaintiff asserts in his memorandum of law supporting his motion to reconsider that:

> There is nothing about this document that renders its authenticity . . . questionable because this document was more likely than not turned over to Plaintiff, and indicative that it was prepared during the course of business, and because it appears to be what Plaintiff purports it to be, it has been sufficiently authenticated.

(DE # 63-1 at 3.)

Exhibit C is not a self-authenticating document under Fed. R. Evid. 902, so in order for it to be admissible it must be authenticated in one of the ways outlined in FED.

2

R. EVID. 901. Defendants argue that plaintiff did not submit any sworn testimony or other evidence to support the authenticity or admissibility of the handwritten note that defendant Gallegos allegedly authored.

Plaintiff did not state at the time he submitted this exhibit how the document came into his possession, nor does he state now how it came into his possession. He states only that it "was more likely than not turned over to" him by an unnamed person or persons. Because plaintiff has not provided the court with information authenticating this document, as required by FED. R. EVID. 902, he has not met his burden of clearly establishing that there has been a manifest error of law or fact regarding the exclusion of Exhibit C.

*PLAINTIFF'S CLAIM THAT DOCUMENTS RELATED TO 1:07cv1355 LJM STORED IN THE WCF PROPERTY ROOM WERE DESTROYED AND THAT DEFENDANTS DESTROYED THE DOCUMENTS*

Devbrow alleged in his complaint that defendants took his legal papers from him on December 14, 2009, and eventually destroyed them. Defendants suggested in their motion for summary judgment that none of plaintiff's property had been destroyed, but did not produce evidence supporting that suggestion. Plaintiff, for his part, did not produce admissible evidence that the property had actually been destroyed.

Giving plaintiff the benefit of the inferences to which he was entitled as the nonmoving party, this court accepted, for the purpose of summary judgment proceedings, that the documents related to 1:07cv1355 LJM which Devbrow refers to in his interrogatory responses were destroyed. But it granted summary judgment to defendants because they submitted evidence that they had no personal involvement in

3

or responsibility for any destruction of Devbrow's materials stored in the WCF property room, and Devbrow did not provide admissible evidence contesting their sworn statements. Because defendants had no personal involvement in the destruction of Devbrow's property, the court awarded them summary judgment on this claim.

Devbrow argues in his motion to reconsider that "[i]n assessing Plaintiff's Exhibit D, grievance response, the court read into the document an interpretation that the record did not reflect." (DE # 63-1 at 4.) He asserts that "[o]n its face the document clearly is indicating that the property has been lost, destroyed or damaged and Defendants are most likely whom the information was elicited from; considering they are the only parties established by the record who maintained custody over the property." (*Id.* at 5.) He concludes that in his opinion, he "has sufficiently established the presence of evidence in the record that Defendants destroyed his property." (*Id.* at 6.)

The form Devbrow is referring to in his motion to reconsider is an offender grievance program return of grievance form. (DE # 60-1 at 7.) Because it has overseen extensive litigation dealing with the Indiana Department of Correction ("IDOC") grievance policy in relation to 42 U.S.C. § 1997e(a), this court is familiar with the IDOC's grievance procedures and the forms used by the IDOC in processing grievances. The return of grievance form submitted by Devbrow is not a response on the merits to Devbrow's grievance, establishing that his property was destroyed. A response by grievance officials on the merits would have been on a different form and in a different format. The return of grievance form is used by grievance officials when they return a

grievance to the inmate for procedural reasons, rather than addressing it on the merits. Plaintiff's Exhibit D establishes that Devbrow's grievance was returned to him by grievance officials, apparently in the mistaken belief on their part that he was complaining about property he claimed had been lost, damaged or destroyed. This form simply has no bearing on whether or not any of Devbrow's property was actually destroyed after it was placed in storage, let alone who might have destroyed any of his property that had been placed in storage.

Even though there is no evidence in the record that any of Devbrow's property was actually destroyed, this court assumed for the purposes of ruling on his summary judgment motion that some of his property had been destroyed. But defendants submitted sworn statements that they had no personal involvement in the destruction of any of his property, and Devbrow produced no evidence that any of defendants were involved in destroying his property. Devbrow has not met his burden of clearly establishing that there has been a manifest error of law or fact regarding the destruction of his property and, assuming that any of his property was destroyed, whether defendants were involved in destruction of his property.

*PLAINTIFF'S CLAIM THAT THE COURT IMPROPERLY GRANTED SUMMARY JUDGMENT ON HIS RETALIATION CLAIM*

In his amended complaint, Devbrow alleges that defendants took his legal papers from him on December 14, 2009, and ultimately destroyed them, in retaliation for his having filed a lawsuit on November 19, 2009, against WCF officials. This court concluded that defendants had no involvement in any destruction of any of plaintiff's

property, so his retaliation claims are limited to the removal of portions of his legal papers from his living area to storage.

In regard to the claim that defendants removed some his legal materials from his living area in retaliation for having filed a lawsuit against WCF officials, defendants submitted sworn statements that they were not aware that plaintiff had filed a lawsuit against WCF officials, and that they removed his property in accordance with IDOC policy regarding the amount of property a prisoner could keep in his living space. Moreover, defendants questioned whether Devbrow had, in fact filed a lawsuit against WCF officials. Plaintiff, for his part, has not submitted admissible evidence supporting his claim that he filed a lawsuit against WCF officials before the removal of his property from his living area. The records of this court do not reflect that Devbrow filed a law suit against WCF officials prior to December 14, 2009.[*]

In his memorandum in support of his motion to reconsider, Devbrow argues that he pled a "colorable claim of retaliation" (DE # 63-1 at 7), and asserts that the alleged failure of defendants to follow IDOC policy suggests retaliatory intent. (*Id.* at 7-8.) This court agrees that Devbrow pled a colorable retaliation claim in his complaint; that is why it allowed him to proceed on that claim. But at the summary judgment stage,

---

[*] Besides this case, Devbrow has two other civil actions in this court: *Devbrow v. State of Indiana*, 3:11cv95 WCL, which Devbrow filed *pro se* in the LaPorte Superior Court on February 22, 2011, and was removed by defendants to this court, and *Devbrow v. State of Indiana*, 3:11cv108 WCL, which was filed by counsel on behalf of Devbrow on February 22, 2011, and removed by defendants to this court. Both of these cases were filed well over a year after the December 14, 2009, events Devbrow complains about in this case.

6

defendants are permitted to put forth evidence that rebuts plaintiff's retaliation claim, and if they can establish that a legitimate reason existed for their actions and that they would have taken the same actions regardless of whether the plaintiff engaged in the protected activity, then the plaintiff can prove retaliation only if he can show that the legitimate reason given for the allegedly retaliatory act is pretextual. *Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 287 (1977).

The Defendants in this case did come forth with evidence that they removed Devbrow's property for a legitimate reason, and Devbrow did not respond with admissible evidence that defendants claims were pretextual. Accordingly, summary judgment on this claim was in order. The Plaintiff now asserts that failure of prison officials to follow their own policy suggests retaliatory intent. But even if that were a correct proposition of law, he has not submitted any evidence that defendants did not follow IDOC policy. Nor has he submitted any evidence that he actually filed a lawsuit against Westville Correctional Facility officials that triggered the alleged retaliation. He did not produce such evidence in response to defendants' motion for summary judgment, and he has not done so in support of his motion to reconsider. Accordingly, Devbrow has not met his burden of clearly establishing that there has been a manifest error of law or fact regarding the granting of summary judgment to defendants on his retaliation claim.

*THE COURT'S FINDING THAT THE DISMISSAL OF 1:07cv1355 LJM WAS UNTIMELY FILED IS NO LONGER A VALID REASON TO CONCLUDE THAT THE DESTRUCTION OF DEVBROW'S LEGAL MATERIALS COULD NOT HAVE IMPAIRED HIS ATTORNEY'S ABILITY TO PROSECUTE 1:07cv1355 LJM*

In its order granting summary judgment to defendants, this court found that defendants were not responsible for any destruction of plaintiff's legal materials after they were taken to storage and, accordingly, they were not involved in any impairment of his attorney's ability to prosecute 1:07cv1355 LJM. This court also made the following statement as an alternative ground supporting that granting of summary judgment, concluding that the destruction of Devbrow's legal materials could not have impaired his attorney's ability to prosecute 1:07cv1355 LJM:

> The record in 1:07cv1355 LJM establishes that the defendant moved to dismiss that action based on the statute of limitations, and that on May 22, 2012, the district court treated the motion as a motion for summary judgment and granted summary judgment, concluding that "[b]ecause the statute of limitations for Devbrow's Eighth Amendment claims is two years, he had until April 27, 2007, in which to file suit. He did not file this lawsuit until October 19, 2007." (1:07cv1355 LJM, DE # 161 at 9.)

(DE # 61 at 6.)

It has now come to the attention of the court that the United States Court of Appeals for the Seventh Circuit has reversed the district court's finding that Devbrow's complaint in 1:07cv1355 LJM was untimely. *Devbrow v. Kalu*, ___ F.3d ___ 2013 WL 376297 (7th Cir Feb 1, 2013). Accordingly, the court *sua sponte* reconsiders the paragraph cited above, and it no longer states a valid reason to conclude that the destruction of Devbrow's legal materials could not have impaired his attorney's ability to prosecute 1:07cv1355 LJM. But since this was an alternative ground for reaching the conclusion

that defendants were not responsible for impairing Devbrow's attorneys' ability to prosecute 1:07cv1355 LJM, the Seventh Circuit's decision that his complaint in 1:07cv1355 LJM was timely filed does not entitle him to reconsideration of the granting of summary judgment to defendants.

## *CONCLUSION*

For the foregoing reasons, the court **DENIES** plaintiff's motion to reconsider (DE # 63), but *sua sponte* concludes that the district court's now overruled decision that 1:07cv1355 LJM was not timely filed is no longer a valid reason to hold that the destruction of Devbrow's legal materials could not have impaired his attorney's ability to prosecute 1:07cv1355 LJM.

**SO ORDERED.**

Date: February 21, 2013

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT